# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: September 2, 2025

```
*   *   *   *   *   *   *   *   *   *   *   *   *
RANDY TOMPLAIT                          *
as representative of the                *
ESTATE OF PAMELA TOMPLAIT,              *
                                        *
          Petitioner,                   *          No. 22-1618V
                                        *
v.                                      *          Special Master Gowen
                                        *
SECRETARY OF HEALTH                     *
AND HUMAN SERVICES,                     *
                                        *
          Respondent.                   *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*Timothy J. Mason,* Law Office of Sylvia Chin-Caplan, LLC, Boston, MA, for petitioner.
*James Lopez,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 31, 2022, Randy Tomplait, as representative of the estate of Pamela Tomplait ("petitioner") filed a claim in the National Injury Vaccine Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleges that as a result of receiving the influenza ("flu") vaccine on December 19, 2019, the decedent developed vestibular neuritis.  *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

On January 28, 2025, petitioner filed a motion to substitute counsel, which the Court granted the same day.  Consented Motion to Substitute Attorney (ECF NO. 36); Clerk's Notice Granting Motion to Substitute Counsel.  On March 4, 2025, petitioner filed a motion for interim attorneys' fees and costs for his prior attorney, Ms. Anne Toale.  Petitioner ("Pet'r") Motion for Interim Attorneys' Fees and Costs ("Int. Fees") (ECF No.  37).  I hereby **GRANT** petitioner's motion for interim attorneys' fees and costs and find that an award of $50,752.23 to be a reasonable amount in interim attorneys' fees and costs.

## I.    Procedural History

Petitioner filed the claim on behalf of the estate of Pamela Tomplait on October 31, 2022.  Petition.  At the time the petition was filed, petitioner was represented by attorney, Anne Toale.  Petitioner filed medical records to accompany the claim on March 24, 2023 and July 6, 2023.  Pet'r Exhibits ("Exs.") 2-9.  The case was transferred to the undersigned's docket on July 18, 2023 and I issued an initial order on July 19, 2023.  Initial Order (ECF No. 16).

On October 2, 2023, respondent filed an initial status report, requesting that petitioner file additional medical records, including pre-vaccination records and additional records related to petitioner's alleged vaccine injury.  Respondent ("Resp't") Status Report ("Rept.") (ECF No. 19).  Petitioner filed additional medical records and an amended petition on December 29, 2023.  Pet'r Amended Petition (ECF No. 24).

On June 6, 2024, respondent filed the Rule 4(c) report, recommending against compensation.  Resp't Rept. (ECF No. 27).  Petitioner was ordered to file an expert report to address the issues raised in the Rule 4(c) report.  Scheduling Order (Non-PDF), issued June 6, 2024.  On August 8, 2024, when petitioner was directed to file an expert report, petitioner filed a motion for an extension of time to file an expert report, which the undersigned granted the same day.  Pet'r Mot. for Extension of Time (ECF No. 31).  Petitioner filed another extension of time to file the expert report on October 7, 2024, stating that petitioner is seeking new counsel and needed additional time to find alternative representation.  Pet'r Mot. Ext. of Time (ECF No. 32).

On November 6, 2024, petitioner filed an unopposed motion to Stay the Proceedings, stating that petitioner was still seeking new counsel and requested a thirty day stay.  Pet'r Mot. for Stay of Proceedings (ECF No. 33).  The undersigned granting petitioner's motion, staying the proceedings until January 8, 2025.  Order, issued Nov. 8, 2024.  On January 8, 2025, petitioner filed a status report stating that he "has not yet provided an update regarding his progress finding new counsel," and petitioner's previous counsel requested a status conference.  Pet'r Status Rept. (ECF No. 34).  The undersigned scheduled a status conference for January 27, 2025, which was cancelled after petitioner's new counsel contacted the undersigned's chambers and requested additional time.  Accordingly, the status conference was cancelled.  *See* Status Conference Order, non-pdf, Jan. 21, 2025.

On January 28, 2025, petitioner filed a consented motion to substitute counsel, which was granted the same day.  Accordingly, on March 4, 2025, petitioner filed this motion for interim attorneys' fees and costs, seeking a total of $55,752.23.  Pet'r Int. Fees at 2.  On March 7, 2025,

2

respondent filed a response to petitioner's motion, stating that "respondent defers to the special master to determine whether petitioner has met the legal standard for an interim fees and costs award," and to exercise discretion to determine a reasonable award, if such award is justified at this time.  Resp't Response at 3-4 (ECF No. 38).

Petitioner filed a Notice of Additional Authority for application for interim attorneys' fees on June 24, 2025.  Pet'r Notice (ECF No. 40).  The Notice of Supplemental Authority refers to *Henderson,* where petitioner's prior counsel was awarded an hourly rate of $615.00 for 2025. *See Henderson v. Sec'y of Health & Hum. Servs.,* No. 23-562, 2025 WL 2081189 (Fed. Cl. Spec. Mstr. June 23, 2025).

This matter is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### A.  Legal standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred.  *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  In this case, respondent does not contest that this petition was filed in good faith.  Further, petitioner also reported to healthcare providers that the flu vaccine had caused the decedent's vestibular neuritis.  *See* Pet'r Ex. 3 at 3. According, petitioner has demonstrated that this claim was brought in good faith.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought."  *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)).  Petitioner has filed accompanying medical records to support the claim, including proof of vaccination, and the onset of the decedent's alleged vaccine injury occurred after vaccination, which provides some objective support for a reasonable basis to file this claim.

### A.  Interim awards

The Vaccine Act permits interim attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*,

609 F.3d 1372 (Fed. Cir. 2010).  In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375.  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained."  515 F.3d at 1352.  I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.00.  If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred.  These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application.  I evaluate each one on its own merits.

This case has been pending since 2022 and petitioner's previous attorney, Ms. Anne Toale is requesting interim fees for her work on this case prior to petitioner being represented by different counsel.  Interim fees may be appropriate when counsel withdraws and it is unknowable how long the case will take to be resolved.  *See Woods v. Sec'y of Health & Hum. Servs.,* 105 Fed. Cl. 148, 154 (Fed. Cl. 2012).  As petitioner still has yet to file an expert report, it is likely that this litigation will continue and not paying such fees will impose an undue hardship on petitioner's former counsel.  Accordingly, an award of interim attorneys' fees for Ms. Anne Toale is appropriate at this time.

## III.    Reasonable Attorneys' Fees and Costs

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs.  The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera*, 515 F.3d at 1349.  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991).  They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993).  A line-by-line evaluation of the billing records is not required.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson*, 24 Cl. Ct. at 484.  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1.  Counsel "should make a good faith effort to exclude from a fee request hour that are excessive,

redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### A.  Hourly Rates

Petitioner is requesting that his former attorney, Ms. Anne Toale and other staff at Maglio Christopher & Toale ("MCT") be reimbursed for their work on this claim since 2021 through January 2025.  The hourly rates being requested by petitioner for the personnel working on this case at MCT and Ms. Anne Toale are consistent with the hourly rates that have previously been awarded to attorneys and paralegals at MCTlaw for 20221 through 2025.[3]  *See Morrison v. Sec'y of Health & Hum. Servs.,* No. 18-386V, 2024 WL 5297958, at *4 (Fed. Cl. Spec. Mstr. Dec. 2, 2024); *see also Ciccarelli v. Sec'y of Health & Hum. Servs.,* No. 19-261V, 2024 WL 1617318, at *2 (Fed. Cl. Spec. Mstr. Feb. 15, 2024).  Accordingly, I find the requested rates to be reasonable and that no adjustment is necessary.

### B.  Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348.  Petitioner bears the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1993).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).  Additionally, it is well established that billing for administrative work or clerical items is not permitted in the Vaccine Program.  *Dingle v. Sec'y of Health & Hum. Servs.,* No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014; *see also Scheffler v. Sec'y of Health & Hum. Servs.,* No. 19-260V, 2024 WL 5377989 (Fed. Cl. Spec. Mstr. Dec. 13, 2024).

In this case, the billing entries provided in the invoice include redundant, excessive, and administrative work, which leads to an excessive request of attorneys' fees for a case that has yet to have a status conference or even an expert report filed.  While it is not necessarily unreasonable for multiple individuals to keep updated with the case, the cumulative effect is that an unreasonable amount of time overall is being billed for review of routine filings by respondent and the Court.  *Horton v. Sec'y of Health & Hum. Servs.,* No. 19-262V, 2021 WL 3052779 (Fed. Cl. Spec. Mstr. June 22, 2021).  For example, entries from the following dates are all excessive and redundant, as the attorney has performed these tasks, but also exceed the necessary time to review such orders: 12/5/2022, the paralegal spent 0.2 hours analyzing a non-pdf order granting an extension of time; 1/25/2023 the paralegal spent 0.2 hours analyzing another non-pdf order granting an extension of time; 03/01/2023 0.2 hours spent by the paralegal to review a non-pdf order granting an extension of time; 07/05/2023 0.4 hours spent analyzing the routine 240-day order; 7/23/2023 0.2 hours reviewing an analyzing notice of appearance by respondent's attorney; 3/29/2024 0.2 hours reviewing and analyzing a non-pdf order.

---

[3] Petitioner is requesting that Ms. Anne Toale be reimbursed at an hourly rate of the following: $500.00 in 2022; $535.00 for 2023; $570.00 for 2024; and $615.00 for 2025.  These rates are also consistent with the OSM Attorneys' Forum Hourly Rate Fee Schedules for the years worked on petitioner's claims. *See https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules*

Additionally, it appears that there were multiple paralegals reviewing the same orders and doing the same work to locate medical records for the petitioner. Between October 2, 2023 and December 2023, the billing invoice demonstrates that two paralegals were performing the same work on the same topic. For example, MSS had spent 1.6 hours reviewing health insurance claims to identify missing provider names and contact information, but then on December 5th and 6th of 2023, SER did the same, spending another 2.6 hours "reviewing client's insurance itemization and medical records to determine missing providers." Int. Fees, Ex. A. Special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly. *See Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 209 (2009). Given that the majority of hours spent on this claim appears to be obtaining medical records and updating internal folders, with little work to advance petitioner's claim, I find that a reasonable reduction in attorneys' fees for the excessive and redundant work performed is $5,000.00. Accordingly, petitioner is awarded a total of $47,514.00 in attorneys' fees.

### C. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner is requesting that his former attorneys' firm be reimbursed for a total of $3,238.23 in costs. Petitioner has submitted an invoice for these costs, which include obtaining medical records, the court filing fee, postage, and legal research costs. Pet'r Int. Fee Ex. B. These costs are well documented and appear to be reasonable. Accordingly, petitioner's former attorney, Ms. Anne Toale, shall be reimbursed in full for a total of $3,238.23 in interim attorneys' costs.

### IV.    Conclusion

For the reasons discussed above, I find that it is reasonable to compensate petitioner's former attorney, Ms. Anne Toale, for interim attorneys' fee and costs in the following amount:

| | |
|---|---|
| Interim Attorneys' Fees Requested: | $52,514.00 |
| (Reduction of Attorneys' Fees) | -$5,000.00 |
| **Final Interim Attorneys' Fees:** | **$47,514.00** |
| | |
| Interim Attorneys' Costs Requested: | $3,238.23 |
| (Reduction of Attorneys' Costs) | ----- |
| **Final Interim Attorneys' Costs:** | **$3,238.23** |
| **Final Interim Attorneys' Fees and Costs:** | **$50,752.23** |

**Accordingly, the undersigned awards a lump sum payment in the amount of $50,752.23, representing interim attorneys' fees and costs, to be paid through an ACH to petitioner's former counsel, Ms. Anne Toale's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of

the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).